UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JOSEPH BARRERA,

    Petitioner,

              Case. No. 2:19-cv-11175
v.              Hon. Nancy G. Edmunds

NOAH NAGY, Warden,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner John Joseph Barrera, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, seeks issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his sentence following his plea-based convictions of second- and third-degree criminal sexual conduct. Mich. Comp. Laws §§ 750.520c and 750.520d. For the reasons stated below, the application for writ of habeas corpus is summarily denied.

## I. BACKGROUND

The Michigan Supreme Court reported the facts of Petitioner's conviction as follows:

> Defendant was charged with two counts of first-degree criminal sexual conduct (CSC–I), MCL 750.520b, and two counts of second-degree criminal sexual conduct (CSC–II), MCL 750.520c, related to sexual assaults he perpetrated on his wife's granddaughter. Defendant entered into a plea deal under which he pleaded no contest as a fourth-offense habitual offender to the two CSC–II counts and to two added counts of third-degree criminal sexual conduct (CSC–III), MCL 750.520d.

*People v. Barrera*, 500 Mich. 14, 17 (2017). Following his plea conviction, Petitioner was sentenced to a prison term of 280 months to 600 months. (Pet. at 10, ECF No. 1.)

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which was denied. *People v. Barrera*, No. 324831 (Mich. Ct. App. Jan. 21, 2015). The Michigan Supreme Court rejected Petitioner's challenge to sentencing guidelines Offense Variable (OV) 8. *Barrera*, 500 Mich. at 22. However, the Court remanded Petitioner's case for resentencing, "because the parties have agreed there was an error in the scoring of OV 11." *Id.* at 17 n.1.

The sentencing guidelines range for the minimum term under Petitioner's original charges was 117 to 320 months. (Pet. at 10, ECF No. 1.) The plea agreement called for a minimum sentence between 84 and 280 months. (*Id.*)

Correction of the scoring error reduced Petitioner's total offense variable score by 50 points. (*Id.*) With the reduction in the guidelines calculation, Petitioner's new sentencing range on remand was 99 to 320 months. (*Id.*) The trial court resentenced Petitioner to the same term, 280 months to 600 months, that he received before the appeal and remand. (*Id.* at 10, 11.)

Petitioner appealed the new sentence. The Michigan Court of Appeals denied his delayed application for leave to appeal in a standard form order, "for lack of merit in the grounds presented." *People v. Barrera*, No. 342493 (Mich. Ct. App. April 5, 2018) (unpublished). On October 2, 2018, the Michigan Supreme Court denied his application for leave to appeal the lower court's decision. *People v. Barrera*, 503 Mich. 875 (2018) (Mem). The Court also denied Petitioner's motion for reconsideration. *People v. Barrera*, 503 Mich. 951 (2019) (Mem).

2

In the habeas corpus petition before the Court, Petitioner challenges his sentence on a single ground:

> PETITIONER IS ENTITLED TO BE RESENTENCED WHERE HIS SENTENCE IS BASED ON INACCURATE INFORMATION WHICH INCREASED HIS PUNISHMENT IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER U.S. SUPREME COURT'S RULING IN *TOWNSEND V. BURKE*; U.S. CONST. AMENDMENT XIV.

## II. DISCUSSION

### A. Summary dismissal

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A habeas petition may also be summarily dismissed if it does not set forth facts that give rise to a cause of action under federal law. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001).

The Sixth Circuit disapproves of ordering a response to a habeas petition "until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir.1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition "is necessary when the petition is frivolous, or obviously lacks merit, or where the

3

necessary facts can be determined from the petition itself without need for consideration of a response." *Id.*; *see also* 28 U.S.C.A. § 2243.

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's claims do not entitle him to habeas relief and the petition must be summarily denied. *See McIntosh v. Booker*, 300 F.Supp.2d 498, 499 (E.D. Mich. 2004).

## B. State sentencing claims and habeas relief

In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). More specifically, "[e]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). A claim that the state trial court incorrectly scored, calculated, or applied state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006)). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly" in their sentence determinations. *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioners have "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

Habeas relief is potentially available where "[v]iolations of state law and procedure . . . infringe specific federal constitutional protections[.]" *Cook v. Stegall*, 56 F. Supp. 2d

788, 797 (E.D. Mich. 1999) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)). This may occur when the sentence imposed exceeds statutory limits or is wholly unauthorized by law. *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). However, "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62–63 (6th Cir.1995) (citing *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir.1994)).

Further, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003). A sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir.2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988)); *see also United States v. Polselli*, 747 F.2d 356, 358 (6th Cir.1984).

While Petitioner had a right not to be sentenced on "extensively and materially false" information which he had no opportunity to correct through counsel, *Townsend*, 334 U.S. at 741, he was sentenced pursuant to the parties' plea agreement. By consenting to a specific sentence as part of the plea bargain, he waived review of his challenge to the scoring of the sentencing guidelines. *United States v. Livingston*, 1 F.3d

723, 725 (8th Cir. 1993); *People v. Billings*, 770 N.W.2d 893, 900 (Mich. Ct. App. 2009) (citing *People v. Wiley*, 693 N.W.2d 800 (Mich. 2005)).

Neither of Petitioner's minimum or maximum terms provide a basis for habeas relief. Although he had no federal constitutional right to a minimum term within Michigan's guideline range, *Doyle*, 347 F. Supp. 2d at 485, Petitioner received such a term. At 280 months, his sentence minimum was within the range of 99 to 320 months after his guidelines were rescored on remand. (Pet. at 10.)

Petitioner argues that the reduction of 50 points in the calculation of his guidelines should have resulted in a commensurate reduction in his minimum term. Petitioner's argument misses the fact that while the re-calculated total OV score was reduced, the upper end of his guidelines range remained unchanged.

Further, Petitioner's maximum term does not violate the constitution's prohibition against "cruel and unusual punishment," because it is authorized by law. *Organek*, 65 F.3d at 62–63. Both CSC-II and CSC-III are 15-year felonies. Mich. Comp. Laws §§ 750.520c(2)(a), 750.520d(2). Petitioner was convicted and sentenced as a fourth-offense habitual offender. *Barrera*, 500 Mich. at 17. The pertinent statute governing sentencing of habitual offenders authorizes a maximum sentence of "imprisonment for life or for a lesser term[]" for felonies with at least a five-year maximum sentence for a first offense. Mich. Comp. Law § 769.12. Petitioner's fifty-year maximum is thus within statutory range.

Petitioner's challenges to his sentence are without merit and he is not entitled to habeas relief.

## IV. Certificate of Appealability and *In Forma Pauperis* status on appeal

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED**.

X */s/ Nancy Edmunds*
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: 5-23-19